IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| FRANKLIN W. LEE, ) | |
| ) | |
| Petitioner, ) | CIVIL ACTION NO.: CV511-081 |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | (Case No.: CR509-21) |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Franklin Lee ("Lee"), who was incarcerated at Calhoun State Prison in Morgan, Georgia, at the time the instant motions were filed, filed a Motion for Sentence Modification and a Motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Respondent filed a Response to each Motion. For the reasons which follow, both of Lee's Motions should be **DISMISSED**.

## STATEMENT OF THE CASE

On May 24, 2010, Lee pled guilty to one count of Social Security fraud, in violation of 42 U.S.C. § 408(a)(4). United States v. Lee, CR5:09-021 (S.D. Ga.). Following a revocation of his pretrial release, Lee was taken into custody on July 29, 2010. Id. On September 21, 2010, he was sentenced to imprisonment for a period of one year and one day and was remanded to the custody of the United States Marshals. Id. At some point, Lee was transferred to state custody.

AO 72A
(Rev. 8/82)

The undersigned does not have access to details of Lee's confinement following September 21, 2010. However, Lee was confined at Calhoun State Prison from March 3, 2011, through October 11, 2011.[1] Lee was incarcerated during that time for violating parole, which he had been granted in relation to his state sentence in an unrelated case. Lee, CR509-021, Doc. No. 57, p. 2. According to the Bureau of Prisons' ("BOP") website,[2] on October 17, 2011, Lee was "in transit" to a federal facility under BOP control.

While incarcerated at Calhoun State Prison, on August 10, 2011, Lee filed a Motion for Sentence Modification, one of the two motions at issue. Lee, CR509-021, Doc. No. 57. One week later, on August 17, 2011, Lee filed a Motion to Vacate pursuant to § 2255, the other motion at issue. United States v. Lee, CV511-081, Doc. No. 1. Both Motions relate to his federal sentence. In both Motions, Lee seeks credit toward his federal sentence for time served since July 29, 2010. Lee claims that he has "remained in continuous confinement" since July 29, 2010, and that his federal sentence should be deemed to have ended on July 30, 2011. Lee, CR509-021, Doc. No. 57, p. 2–3; See also Lee, CV511-081, Doc. No. 1, p. 4.

Respondent argues that Lee's Motions should have been brought pursuant to 28 U.S.C. § 2241 in the Middle District of Georgia, the district of his confinement at the time the Motions were filed. Lee, CV511-081, Doc. No. 4-1, p. 3. Additionally, Respondent argues that, even if Lee had filed a § 2241 petition, the Court would lack jurisdiction to hear it since Lee failed to exhaust his administrative remedies. Id. pp. 3–4. Finally,

---

[1] www.dcor.state.ga.ua/GDC/OffenderQuery/jsp/OffQryRedirector.jsp

[2] www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=14717-021&x=90&y=15

2

Respondent argues that to the extent that Lee is requesting that the Court alter its judgment to provide that his federal sentence may be served concurrent to his state sentence, Lee is not entitled to relief because his request is a matter for the executive branch of government. Id. pp. 4–6.

## DISCUSSION AND CITATION OF AUTHORITY

"A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed[.]" 18 U.S.C. § 3585(b). A claim for credit for time served should be brought in a district court pursuant to § 2241 after the prisoner has exhausted his administrative remedies. United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000). Exhaustion of administrative remedies means that prior to bringing a § 2241 petition, the prisoner must first pursue his claim for credit for time served with the BOP. The Court of Appeals for the Eleventh Circuit held that "the Attorney General—acting through the BOP—initially possesses the *exclusive* authority under the law of this Circuit to compute sentence credit awards after sentencing." Rodriguez v. Lamar, 60 F.3d 745, 747 (11th Cir. 1995) (emphasis added and citations omitted).

BOP records show that Lee has not filed any requests for administrative remedies. Lee, CV511-081, Doc. No. 4-1, p. 10. Lee should exhaust his available BOP administrative remedies, as required by the Code of Federal Regulations, as set out in 28 C.F.R. §§ 542.10–542.19. If dissatisfied with the final administrative remedy result, Lee should then file a § 2241 petition in the district of his confinement.

3

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Lee's Motions be **DISMISSED**, without prejudice.

**SO REPORTED** and **RECOMMENDED**, this 18th day of October, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE